Paul L. Hoffman, State Bar No. 71244
hoffpaul@aol.com
SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES
200 Pier Avenue, Ste. 226
Hermosa Beach, California 90254
Tel. (310) 396-0731

John Washington, State Bar No. 315991
jwashington@sshhlaw.com
SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES
11543 W. Olympic Blvd.
Los Angeles, California 90064
Tel. (310) 396-0731
*Attorneys for Plaintiff Slade Douglas*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SLADE DOUGLAS, individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; OFFICER YABANA; OFFICER WHEELER; AND DOES 1 TO 10.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF 42 U.S.C. § 1983 (UNCONSTITUTIONAL DETENTION)**<br>**2. VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)**<br>**3. VIOLATION OF 42 U.S.C. § 1983 (RETALIATION)**<br>**4. VIOLATION OF 42 U.S.C. § 1983 (VIOLATION OF DUE PROCESS)**<br>**5. VIOLATION OF 42 U.S.C. § 12101 ET SEQ. (AMERICANS WITH DISABILITIES ACT)**<br>**6. BANE ACT**<br>**7. BATTERY**<br>**8.  FALSE ARREST & IMPRISONMENT**<br>**9. NEGLIGENCE**<br>**10. NEGLIGENT EMPLOYMENT AND SUPERVISION** |
|---|---|

## **INTRODUCTION**

1.      This case arises out of Defendant LAPD Officers Yabana's and Wheeler's unjustified arrest on August 27, 2019.  On that date, Officers Yabana and Wheeler arrived at Plaintiff Slade Douglas' ("Mr. Douglas") home, ostensibly to check on his welfare. Mr. Douglas invited them in.  It was clear that Mr. Douglas was not a threat to himself, or others, and that he was not gravely disabled and the officers observed the same.  However, as soon as Mr. Douglas complained about Defendants' verbal harassment of him, and attempted to call LAPD supervisors to inform them of the Defendant officers' conduct, Defendants snatched the phone out of his hand and arrested Mr. Douglas in retaliation for his attempts to make a complaint about their actions. There was no basis to arrest or detain Mr. Douglas.   Nonetheless the officers arrested him and handcuffed him in an extremely painful manner and despite Mr. Douglas telling them about pre-existing spinal injuries.

2.      Defendants took Mr. Douglas to Good Samaritan Hospital ("Good Samaritan") against his will.  Once at Good Samaritan, the officers sought to "find something" in Mr. Douglas' system in order to justify their actions.  Mr. Douglas declined treatment and requested to be released.  At no point was he a threat to any officer, or anyone else.  Nevertheless hospital personnel assisted the officers , and had Mr. Douglas injected with sedatives and forcibly extracted samples from his body against his will.

3.      As a result of these abuses Mr. Douglas suffered physical injuries in the form of a wound and infection inside his penis due to the non-consensual insertion of a catheter into his penis.  He also suffered sustained nerve damage and numbness in his wrist due to the Defendants' abusive handcuffing of him, and severe emotional distress from the incident.

//

COMPLAINT FOR DAMAGES

2

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  The Court has personal jurisdiction over the Defendants because they are residents of and/or conduct business in the Central District of California.

5.      Venue is proper in this District under 28 U.S.C. § 1391 because the unlawful actions challenged herein occurred in the Central District; and all parties reside in the Central District.

## PARTIES

6.      Plaintiff Slade Douglas brings this action individually. Plaintiff is a resident of the City of Los Angeles and was a resident of the City at all times during the events alleged in this complaint. Plaintiff is a veteran who has resided in the City of Los Angeles for many years.

7.      Defendant City of Los Angeles ("City") is a municipality duly organized under the laws of the State of California. At all relevant times, the Los Angeles Police Department ("LAPD") was a branch or agency of the City.  The LAPD officers involved in unlawful acts alleged herein were all LAPD officers acting within the course and scope of their duties.  The City is responsible for Plaintiff's injuries under 42 U.S.C. § 1983 because its policies and customs caused Plaintiff's injuries.  The City is also responsible for the actions of its employees for violations of California law under California Government Code § 815.2 based on *respondeat superior*.

8.      Defendant Yabana, Serial Number 36877, is an LAPD Officer who falsely arrested Mr. Douglas and subjected him to excessive force as retaliation for requesting that he leave and stop verbally harassing him, and attempting to inform the LAPD of Defendant Yabana's actions, as alleged in greater detail herein.

COMPLAINT FOR DAMAGES

3

9.      Defendant Wheeler, Serial Number 35748, is an LAPD Officer who falsely arrested Mr. Douglas and subjected him to excessive force as retaliation against Mr. Douglas for requesting that he leave and stop verbally harassing him, and attempting to inform the LAPD of Defendant Yabana's actions, as alleged in greater detail herein.

10.      Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants DOES 1–6 were employees or officials of Defendant CITY, a municipality of the State of California, and were LAPD officers.  Plaintiff is ignorant of the true identities and capacities of Defendants DOES 1–6 and for that reason sues those defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities of these fictitiously named Defendants when they are ascertained.

11.      Defendants DOES 7–10 are persons responsible for the acts alleged herein whose identities are unknown to Plaintiff at this time, and for that reason Plaintiff sues these defendants by fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities of these fictitiously named Defendants when they are ascertained.

12.      Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant.  Each Defendant, in doing the acts or omissions as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each defendant as agent subsequently were ratified and adopted by each other defendant

COMPLAINT FOR DAMAGES
4

as principal. The defendant officers, including those involved in the obstruction of justice, were engaged in a conspiracy to violate Plaintiff's constitutional rights and were acting as co-conspirators with this aim in mind.

13. All Defendants, at all times relevant to the allegations herein, acted under the color of state law and are sued in both their individual and official capacities.

14. In committing the acts alleged in this complaint, the individual Defendants acted knowingly, maliciously and with reckless or callous disregard for Plaintiff's constitutional and other justifying an award of punitive damages under federal and California law against each individual Defendant.

## **STATEMENT OF FACTS**

15. On August 27, 2019, Plaintiff spoke with a woman at the Veterans Administration ("VA") assistance hotline by telephone regarding discrimination he was facing. The woman to whom Plaintiff spoke did not listen to him and continued to interrupt him. Plaintiff became frustrated and informed her that he was going to hang up, and eventually did so.

16. The hotline operator called the LAPD and suggested that they perform a welfare check on Plaintiff. Plaintiff did not have any intention to harm himself, nor did he express such a desire to the hotline operator.

17. After this call, Officers Yabana and Wheeler from the LAPD arrived at Plaintiff's apartment, purportedly to conduct a welfare check. When Plaintiff answered the door, he invited the officers into the apartment. He explained to Officers Yabana and Wheeler that he is in no danger of harming himself or others. Plaintiff also gave no indication that he posed any such risk and made it obvious to any reasonable officer that he posed none.

COMPLAINT FOR DAMAGES
5

18.     The officers became condescending and began to provoke Mr. Douglas. Because of this, Plaintiff asked them to leave his home. The officers refused, at which point Plaintiff began to call 911.

19.     One of the officers snatched the phone out of Plaintiff's hand and told him that they were the police and Plaintiff could not call the police on them. They placed him under arrest. Plaintiff was not given a reason why he was being detained. The officers mocked Mr. Douglas, a Black man in his forties, including calling him "boy."

20.     As Plaintiff was handcuffed the officers began to search his home, though he had given no consent to do so.

21.     Mr. Douglas has a spinal injury and radiculopathy and requested that the officers handcuff him in a way that reasonably accommodated his disabilities. The officers refused handcuffing his hands in front, or otherwise accommodating Mr. Douglas, claiming it was required by departmental policy.  LAPD policy did not require handcuffing Mr. Douglas in this way.

22.     Plaintiff posed no threat to the officers at any time.  There was no basis or probable cause to arrest him, and no basis for arresting him in this manner. The officers did so based on Mr. Douglas' lawful request that the officers leave his home, and his attempts to inform the police about their actions.

23.     Mr. Douglas was taken from his apartment by Defendants Yabana and Wheeler in handcuffs. The officers handcuffed Mr. Douglas to a stretcher and had Mr. Douglas transported to Good Samaritan Hospital.  Mr. Douglas repeatedly requested that he be taken to the nearby VA Medical Center if he was to be seen by medical personnel, but the officers refused and took him to Good Samaritan Hospital.

24.     At Good Samaritan, Plaintiff protested that he was not a danger to himself or others and did not want treatment.

COMPLAINT FOR DAMAGES
6

25.    Plaintiff also told the officers he was handcuffed too tightly and that he was in great pain, and the officers refused to loosen his handcuffs.

26.    Mr. Douglas overheard the police officers saying words to the effect that they needed to "find something" in his system to justify the arrest with medical personnel present.  Following conversations with the officers, medical staff stated they could "give him something" that would enable them to extract samples from Plaintiff without consent. Police officers restrained Plaintiff while nurses injected him with what appear to have been sedatives, including Ativan, Haldol, and Benadryl, rendering him semi-unconscious, despite Mr. Douglas refusing consent to this, and without telling Plaintiff what they were injecting him with. Mr. Douglas did not behave violently or in any way that would cause a reasonable person to believe restraining Mr. Douglas and subjecting him to forced medical procedures was appropriate.

27.    As part of these forced medical procedures, a catheter was inserted into Plaintiff's penis to perform tests on him. Plaintiff developed a wound inside his penis shortly thereafter.

28.    Mr. Douglas was restrained and subjected to forced medical procedures, including injecting him against his will with sedatives and forcibly collecting specimens for a toxicology screen.

29.    There was no basis for this forced treatment. Mr. Douglas was not a danger to himself or others, and he was not on drugs, nor has he ever used illegal drugs.  The hospital itself later conceded that Plaintiff posed no risk to his life or others' and was not disabled. After being forcibly drugged and detained, he was placed in a vehicle and returned home on orders from the hospital.

30.    Plaintiff is ignorant of the true names of other individuals responsible for these acts, but will amend to allege their true identities when they are ascertained.

COMPLAINT FOR DAMAGES

7

31.    As a result of the Defendants' false arrests and forced treatment of him, Plaintiff was emotionally traumatized, and has lasting physical injuries, including a wound to his urethra after it became infected from his forced catherization.  As a result of the LAPD officers unnecessary and painful handcuffing of him, he sustained nerve damage to his wrist, including numbness, and aggravation of his pre-existing back injury.

32.    Mr. Douglas filed a claim with the City of Los Angeles on January 30, 2020.  His claim was denied on February 28, 2020.

## MONELL ALLEGATIONS

33.    Based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the City Defendants are liable for all injuries sustained by Plaintiff as set forth herein. The City Defendants are liable because their policies, practices, and/or customs caused Plaintiff's injuries. The conduct alleged above resulted from the following policies, customs, or practices of the LAPD:

A. It was a common custom or practice for Los Angeles Police Department officers to seize people and take them into custody without probable cause for the seizure, and to fail to conduct any assessment of people alleged to be suffering from a mental health crisis.

B. It was also a custom and practice of LAPD officers to handcuff in an overly tight manner, resulting in wrist or nerve damage.

C. The LAPD had a custom, policy, or practice of allowing officers to handcuff arrestees behind their back with a single set of handcuffs, whether or not they were disabled or injured and this caused them great pain, and the arrestee posed no threat to the officers.  The LAPD was previously sued for unnecessarily injuring such persons, and has declined to alter its training or policies. The LAPD failed to train

COMPLAINT FOR DAMAGES

8

officers that they may not handcuff disabled and injured persons behind their back when there was no need to do so and such handcuffing injured them.

D. The LAPD had a policy, custom, or practice of failing to provide adequate training and supervision to officers with respect to constitutional limits the ability to arrest, particularly as part of an alleged check on a person suffering from a mental health crisis, and with respect to handcuffing.

E. The LAPD failed to train officers who may encounter a person they suspect to be mentally ill in how to evaluate and assess that person.

F. The LAPD failed to adequately discipline or retrain officers involved in misconduct;

G. The LAPD condoned and encouraged officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect officers' opportunities for promotion and other employment benefits;

34. The LAPD failed to adequately train Officers Yabana, Wheeler and DOES 1-10 in assessing whether a person should be detained pursuant to a § 5150 hold, and that wrongfully arresting a person when not justified by § 5150 or an applicable warrant exception would result in negative consequences.

35. The LAPD also failed to adequately train Officers Yabana, Wheeler and DOES 1-10 in assessing whether a person should be handcuffed at all as well as in assessing whether to handcuff a person in front of or behind their back.

36. The LAPD also failed to adequately train Officers Yabana, Wheeler and DOES 1-10 that they should alter the method of handcuffing or remove the handcuffs if a person complained that the handcuffs were causing them great pain,

COMPLAINT FOR DAMAGES
9

or that they must include in the situation statements by an arrestee or detainee concerning their disabilities and/or medical conditions.

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

## (UNCONSTITUTIONAL DETENTION)

### (Against All Defendants)

37.    Plaintiff hereby incorporates by reference paragraphs 1 through 36 herein, as if set forth in full.

38.    The actions of Defendants City, Yabana, and Wheeler and DOES 1–10 deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

43. Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments by, inter alia, detaining him without probable cause or a warrant knowing they had no justification to detain him at all.  Defendants had no basis to detain him under Welfare and Institutions Code § 5150, or for any other reason. Defendants had no basis to detain Mr. Douglas for any period of time much less the period of time they did detain him. Defendants also had Mr. Douglas detained and subjected him to forceful treatment at Good Samaritan when there was no basis and no probable cause to do so.

45. As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.

46. Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare

COMPLAINT FOR DAMAGES
10

and safety of Mr. Douglas, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

### SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

### (Excessive Force)

**(Against All Defendants)**

47.   Plaintiff hereby incorporates by reference paragraphs 1 through 46 herein, as if set forth in full.

48.   The actions of Defendants City, Yabana, Wheeler and DOES 1–10 deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

49. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by subjecting him to excessive force by handcuffing him without justification and in a way which they knew would cause him significant pain, and subjecting him to forced and involuntary medical procedures.  Defendants had absolutely no justification to use any force against Mr. Douglas.  Defendants were informed that handcuffing would cause him pain and of Mr. Douglas' injuries and nonetheless proceeded to handcuff him painfully and behind his back.  There was no need to arrest Mr. Douglas at all, apart from which there was no reason to handcuff him int his way.  Defendants could have taken Mr. Douglas without handcuffs.  He posed no physical threat or danger to the officers.  Nor did Defendants have any justification for handcuffing Mr. Douglas overly tightly, and refusing to loosen the handcuffs when it was apparent they were too tight, including after Mr. Douglas

told them so.  Likewise, Defendants had no justification for having him subjected to forceful and involuntary medical treatment, and drugging Mr. Douglas.

50. As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.

51. Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. Douglas, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## THIRD CLAIM FOR RELIEF
## 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION (RETALIATION)
### (Against all Defendants)

52.    Plaintiff hereby incorporates by reference paragraphs 1 through 51 herein, as if set forth in full.

53.    The actions of Defendants City, Yabana, Wheeler and DOES 1–10 deprived Plaintiff of his rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

54. Defendants arrested Mr. Douglas, handcuffed him the way they did, and had him subjected to forced medical procedures in retaliation for his statements to the officers requesting they leave his home and his attempts to inform the LAPD about their actions.  Defendants acted maliciously in retaliation for these statements.

55. As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.

56. Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. Douglas thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## FOURTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION (VIOLATION OF DUE PROCESS)
### (Against All Defendants)

57.     Plaintiff hereby incorporates paragraphs 1 through 56 herein as though set forth in full.

58.     Defendants' actions deprived Mr. Douglas of his rights under the Fourteenth Amendment to the United States Constitution.  Mr. Douglas brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

59.     Defendants violated Mr. Douglas' rights under the Fourteenth Amendment to substantive due process.  Their conduct in causing Mr. Douglas to be detained as he was and undergo forced medical treatment, described in greater detail above, was deliberate and shocks the conscience.  Furthermore it was also designed to punish Mr. Douglas, when there was neither any reason to do so nor any adjudication of guilt.

60. As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.

61. Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. Douglas thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## FIFTH CLAIM FOR RELIEF
## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. §§ 12101 et seq.)
### (Against All Defendants)

62.    Plaintiff hereby incorporates paragraphs 1 through 61 herein as though set forth in full.

63.    Plaintiff suffers from a "disability" within the meaning and scope of 42 U.S.C. § 12102. In particular, Plaintiff's disability includes a spinal injury, which causes him radiating pain and interferes with his sleep and his ability to grasp objects.  Accordingly, Mr. Douglas is a member of the class of persons protected by 42 U.S.C. § 12132, which makes it an unlawful for a public entity to discriminate against an individual with a disability or to deny the benefits of the services, programs or activities of a public entity to a person with a disability.

64.    As alleged herein, Defendants discriminated against Mr. Douglas by, among other things, their failure to provide reasonable accommodations for Mr. Douglas' disability. Defendant City of Los Angeles is a public entity within the meaning of 42 U.S.C. § 12131. Public entities are required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7).

65.    Defendant CITY is vicariously liable for the acts of Officers Yabana and Wheeler and DOES 1–10, and directly liable for its own failures to reasonably accommodate persons like Mr. Douglas, including through any appropriate trainings and policies as to handcuffing disabled persons like Mr. Douglas.

66.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.

67.    Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. Douglas thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## SIXTH CLAIM FOR RELIEF
## (BANE ACT, CAL. CIVIL CODE §52.1)
### (Against All Defendants)

68.    Plaintiff hereby incorporates by reference paragraphs 1 through 67 herein, as if set forth in full.

69.    Defendants' actions violated Plaintiff's state and federal constitutional rights as guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution and via the California Constitution Article 1 sections 1, 2, 7, and 13, as well as the Americans with Disabilities Act.

70.    Defendants used force, intimidation, coercion, and intimidation in falsely imprisoning Mr. Douglas and subjecting him to unnecessary force.  This was intended by the officer Defendants as a form of retaliation against Plaintiff for his request that officers leave and attempts to inform the LAPD of their actions, and to teach Mr. Douglas a lesson about exercising his First Amendment right in this way.  The Defendants also subjected Mr. Douglas to an unlawful detention and

COMPLAINT FOR DAMAGES

to uses of force that they knew were unlawful and excessive, notwithstanding this knowledge.

71.     Defendant City is also liable for the acts of its officers under Cal. Gov't Code § 815.2.

72.     Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs.

73.     As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.  He is entitled to compensatory damages for his injuries and, as to the individual Defendants, to all damages authorized by California Civil Code § 52.1, including punitive damages and attorney's fees as permitted by law.

## SEVENTH CLAIM FOR RELIEF
## (BATTERY)
### (Against All Defendants)

74.     Plaintiff hereby incorporates paragraphs 1 through 73 herein as though set forth in full.

75.     Defendants' conduct, as described above, caused Mr. Douglas to be apprehensive that Defendants would subject him to intentional invasions of his right to be free from offensive and harmful contact and demonstrated that at all times material herein, Defendants had a then-present ability to subject him to such contact, and in fact did so.  This includes the Defendants' assault and battery against Mr. Douglas in arresting and handcuffing him, and in having him transported to Good Samaritan and handcuffing and restraining him there, and in subjecting him to forced medical procedures.  Such conduct was neither consented to, nor at all reasonable or justified.

COMPLAINT FOR DAMAGES
16

76.      Defendants' conduct was malicious and oppressive, and done with a
conscious disregard of Plaintiff's rights. Defendants had absolutely no justification
to use any force against Plaintiff. Defendants were informed that the handcuffing
would cause him extreme pain due to his spinal injury and proceeded nonetheless
to handcuff him behind his back. There was no basis to subject him to forced
medical procedures or drug him.

77.      Defendant City is liable for the acts of its officers under Cal. Gov't
Code § 815.2.

78.      As a direct and legal result of the acts and omissions of Defendants,
Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional
distress.

79.      Defendants' acts were willful, malicious, intentional, oppressive,
reckless and/or were done in willful and conscious disregard of the rights, welfare
and safety of Mr. Douglas thereby justifying the awarding of punitive and
exemplary damages in an amount to be determined at time of trial.

## EIGHTH CLAIM FOR RELIEF
## (FALSE ARREST AND IMPRISONMENT)
### (Against All Defendants)

80.      Plaintiff hereby incorporates paragraphs 1 through 79 herein as
though set forth in full.

81.      Defendants intentionally caused Mr. Douglas to be arrested and
imprisoned, at his home and at Good Samaritan hospital, without justification to do
so.  There was no warrant permitting Mr. Douglas' arrest, and no exception to the
requirement for a warrant otherwise permitting arresting or imprisoning Mr.
Douglas. Defendants had no reasonable basis to conclude Mr. Douglas was a

danger to himself, to others, or that he was gravely disabled requiring his detention pursuant to §5150, and he repeatedly showed and explained that he was not.

82.    As a direct and legal result of the acts and omissions of Defendants, Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional distress.

83.    Defendant City is liable for the acts of its officers under Cal. Gov't Code § 815.2.

84.    Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. Douglas thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## NINTH CLAIM FOR RELIEF
## (NEGLIGENCE)
### (Against All Defendants)

85.    Plaintiff hereby incorporates paragraphs 1 through 84 herein as though set forth in full.

84.    Defendants owed Plaintiff a duty of care while in their custody and care. The officers had a duty to not use excessive force against him and to provide reasonable accommodations to accommodate his disability. They also had a duty of care not to unreasonably restrain, detain, and subject Mr. Douglas to forcible injections and medical procedures against his will.

85.    Defendants, acting within the course and scope of their employment, breached their duties of care including, but not limited to arresting and restraining Mr. Douglas without probable cause or basis to do so, by subjecting him to excessive force and unnecessarily painful handcuffing, and by subjecting him to forceful medical procedures without his consent.

86.    As a direct and legal result of the acts and omissions of Defendants,
Plaintiff has suffered great bodily injury, fear, anxiety, torment, and emotional
distress.

87.    Defendant City is liable for the acts of its officers under Cal. Gov't
Code § 815.2.

88.    Defendants' acts were willful, malicious, intentional, oppressive,
reckless and/or were done in willful and conscious disregard of the rights, welfare
and safety of Mr. Douglas thereby justifying the awarding of punitive and
exemplary damages in an amount to be determined at time of trial.

## TENTH CLAIM FOR RELIEF
## (NEGLIGENT EMPLOYMENT AND SUPERVISION)
### (Against Defendant City of Los Angeles)

89.    Plaintiff hereby incorporates paragraphs 1 through 89 herein as
though set forth in full.

90.    By August 27, 2019, Defendant City of Los Angeles, by and through
its employees in the LAPD, as supervisors of the individually named Officer-
Defendants herein, knew or in the exercise of due care should have known, that the
individually named Defendants had not been trained properly in assessing whether
a person should be detained pursuant to a § 5150 hold.

91.    Defendant City of Los Angeles knew or should have known that its
officers had a custom, practice, or policy of retaliating against citizens they
perceived to challenge them, including in unnecessarily detaining them, and failed
to discipline officers who so acted or to correct this custom, practice, or policy.

92. Defendant City of Los Angeles knew or should have known that its
officers had a custom, practice, or policy of failing to accommodate disabled and
wounded detainees who could not put their arms behind their back and causing

them significant pain unnecessarily. Defendant City failed to take any action to correct this custom, practice, and policy.

93.     On August 27, 2019, Defendants City of Los Angeles owed Plaintiff a duty of care when Defendant officers arrived at Plaintiff's home.

94.     Defendant City of Los Angeles failed to adequately train and supervise its officers and therefore breached its duty of care to Plaintiff. On information and belief, the employees involved in the abuses alleged herein were neither punished or further trained in order to avoid such abuses again.

95.     Defendants' acts were malicious, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. Douglas thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR DAMAGES
20

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seeks relief as follows:

(a)    for general damages, including emotional distress, according to proof;

(b)    for compensatory damages, according to proof;

(c)    for economic or pecuniary damages, according to proof;

(d)    for punitive or exemplary damages, against any non-government entity Defendants according to proof;

(e) The award of any and all other damages allowed by law according to proof to be determined at the time of trial in this matter;

(f)    The award of costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 12205, California Code of Civil Procedure §1021.5, and California Civil Code § 52.1;

(g)    for prejudgment interest; and

(h)    for such other and further relief as the Court deems just and proper.


Dated:        August 17, 2020


s/ Paul Hoffman
_____
Paul L. Hoffman
John Washington
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

COMPLAINT FOR DAMAGES
21

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demands that a trial by jury be conducted with respect to all issues presented herein.

Dated:        August 17, 2020

s/ Paul Hoffman

Paul L. Hoffman
John Washington
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

COMPLAINT FOR DAMAGES
22