# **EXHIBIT D**

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 3
4.1

*The completed complaint investigation was received for adjudication on October 20, 2020.*

## COMMANDING OFFICER'S ADJUDICATION

**ADJUDICATION**

Complaint By:    Betty Browne    Los Angeles
                                 Department

Complaint investigation, CF No. 20-000449 resulted in two allegations of misconduct against one officer:

> Note: The investigation of CF No. 20-000449 lead to one additional allegation of misconduct alleged by the Department in CF No. 20-001883. For purposes of continuity and clarity, this Letter of Transmittal will cover both complaint investigations

> Police Officer II Jeremy Wheeler          Central Area
> Serial No. 35748

The allegations are listed below with the recommendation for classification and supporting rationale.

**ALLEGATION 1. Complainant Brown alleged that on February 7, 2020, Officer Wheeler, while off-duty, failed to render aid following a traffic collision.**

> Note: Allegation 1 was rewritten from the original complaint investigation (CF No. 20-000449) for clarification purposes.

**CLASSIFICATION**

It is recommended that Allegation 1 be classified as **SUSTAINED**.

**RATIONALE**

The investigation went to great lengths to identify the motorcycle and driver involved in the accident. The investigation was able to obtain several surveillance videos that captured the route of travel up to and including the accident scene. In addition, the surveillance video also captured the involved motorcycle driving away from the scene and entering the Central Station parking structure. Through these videos, the investigation was able to established a detailed timeline as well as a photograph of both the involved motorcycle and the driver.

Officer Wheeler's statement and an identification card swipe audit match the timeline for when Officer Wheeler arrived at Central Station on the day in question. In addition, Officer Wheeler's

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 4
4.1

motorcycle matched the motorcycle depicted in the surveillance video. His motorcycle jacket and helmet also matched that of the driver depicted in the surveillance video. Internal Affairs investigators photographed every motorcycle in the Central Station parking structure on the date of the accident. No other motorcycles matched the surveillance videos. The investigation appears to have definitively proven that it was Officer Wheeler who was involved in the traffic collision.

Officer Wheeler definitively stated that he never collided with Brown, the bicyclist. The surveillance video seems to contradict this statement. The surveillance video appears to show the motorcycle "side swipe" the bicycle causing the bicyclist to fall over onto the ground. Brown had only a minor abrasion to her left elbow and there was only minor damage to the bicycle. There is a possibility, however small, that the motorcycle did bump the bicyclist without Officer Wheeler feeling it. However, what the surveillance video does appear to clearly depict is that Officer Wheeler was aware that his minor collision, or near miss, did cause Brown to crash onto the ground and that Officer Wheeler failed to stop and render aid.

The multiple surveillance videos depict both Brown and Officer Wheeler traveling southbound on Wall Street approaching 5th Street. Brown is riding along the west shoulder of the road. Brown begins to veer further into southbound lanes of traffic as Officer Wheeler approaches. The video depicts Officer Wheeler's rear brake light illuminate while he simultaneously veers into northbound lanes of traffic. This appears to be an attempt to avoid a collision. After Brown falls to the ground, Officer Wheeler continues driving and the video depicts him turning to look over his right shoulder in the direction of Brown. Wheeler then drives another half block and immediately enters the Central Station parking structure.

Even if Wheeler did not feel the contact with Brown or even if it was a Non-contact traffic collision, the surveillance video indicates that Wheeler was aware that Brown crashed onto the ground as a direct result of his maneuver. Instead of stopping to inquire about the wellbeing of Brown and/or render aid to her, Officer Wheeler continued to drive on and pull into the station parking structure without notifying anyone.

During his interview, Officer Wheeler was asked if he had been involved in any accidents in the past. Officer Wheeler stated that, based upon the questions, he felt that the IA investigator was aware of another traffic collision. Officer Wheeler stated that some time in 2019, his vehicle's mirror struck another vehicle in traffic, but he did not know what car he collided with. Unable to locate the owner, Wheeler stated that he reported it to an unknown traffic division (later clarified to be Central Traffic Division in his interview for CF No. 20-001883) and submitted a statement form. Investigators contacted Central Traffic Division in an attempt to find a copy of the Statement Form. Central Traffic Division had no record a report from Officer Wheeler. All statement forms are given a Division of Record (DR) number and a copy is sent to Records and Identification Division (R&I). Investigators contacted R&I and they were also unable to locate any traffic collision report as described by Officer Wheeler that occurred between January 1, 2019, and December 31, 2019. The lack of evidence of a traffic collision report being filed as Officer Wheeler described may be indicative of another instance of a hit and run traffic collision.

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 5
4.1

Allegation 2, as described in CF No. 20-001883, also involves an instance where Officer Wheeler was involved in a traffic collision and failed to immediately identify himself. While neither of the above two cases is definitive, they may be indicative of a pattern of Officer Wheeler failing to take responsibility following traffic collisions.

Because of the extensive evidence provided in the investigation, it is recommended that Allegation 1 be classified as **SUSTAINED**.

**ALLEGATION 2. The Department alleges that on March 11, 2019, Officer Wheeler, while off-duty, failed to remain at the scene of a traffic collision which resulted in the response of an outside law enforcement agency.**

> Note: This was originally listed as Allegation 1 on CF No. 20-001883

## CLASSIFICATION

It is recommended that Allegation 2 be classified as **NOT RESOLVED**.

## RATIONALE

Per his own statement, on the night of March 11, 2019, Officer Wheeler was at a bar eating and consuming alcohol. He then went to an acquaintance's (Correa) house for a barbeque where he may have consumed additional alcoholic beverages. There is irrefutable video proof that when leaving the barbeque, Officer Wheeler backed his truck into a parked car causing damage to the bumper. Officer Wheeler left the scene without locating the owner of the other vehicle or otherwise providing his information. The owner of the vehicle (Sebastian) heard the collision from inside her house. She inspected the damage to her car and looked at home surveillance video and realized that the driver left the location without exchanging information. Based on this, Sebastian called the ▮▮▮▮▮▮▮▮ County Sheriff's Department (SBCSD) and filed a Hit and Run report.

> Note: Page 10 of Complaint Investigation, CF No. 20-000449, incorrectly list the year in the date of the Chino Hills collision as March 11, *2020*, the actual date of the collision was March 11, *2019*.

The vehicle owner contacted her neighbor, Correa, in an attempt to identify the owner of the truck that backed into her. Correa then contacted Officer Wheeler and advised him of the accident. Officer Wheeler initially told Correa that he did not hit the car. However, once Correa advised him that it was captured on video, Officer Wheeler took responsibility for the accident. Officer Wheeler contacted the owner of the vehicle and provided his Driver's License, contact information, and insurance information. Officer Wheeler told the owner that his truck (▮▮▮▮▮▮) was very large and he had some bulky items (safe and propane tank) in the bed of his truck, so he was unaware that he had hit the vehicle (Officer Wheeler provided a similar statement to LA investigators). Officer Wheeler apologized for the accident and made arrangements to get the

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 6
4.1

vehicle fixed. Officer Wheeler advised the owner of the vehicle that his truck was not damaged. There is no record (e.g. insurance claim) or evidence in the investigation to contradict this.

The owner of the vehicle contacted SBCSD and provided Officer Wheeler's information. The owner further advised SBCSD that since Officer Wheeler was now taking responsibility, she no longer wished to seek charges for the Hit and Run. The assigned SBCSD deputy attempted to call Officer Wheeler approximately three times, but there was no answer. The number on the Traffic Collision report matches the cellular telephone number for Officer Wheeler on file with the Department. However, the deputy never left a message, nor did he send a contact letter. Since the matter seemed to be handled civilly, the SBCSD deputy discontinued his investigation and filed his report. Officer Wheeler stated that he never received any telephone calls from SBCSD. Officer Wheeler stated that he was unaware of the Hit and Run investigation. There was nothing uncovered in the investigation that indicated that Officer Wheeler was aware that SBCSD responded to the scene and filed a report.

Based upon the investigation, it is proven that Officer Wheeler backed into a parked car on the night in question. But due to the rain, the size of his truck, the lack of damage to his own vehicle, and the bulky items in the bed of the truck, it is possible that he was unaware that he hit and damaged the car. Upon being notified of the accident, he immediately took responsibility for it and took steps to make restitution. If Officer Wheeler was unaware that he hit the vehicle, Allegation 2 would be factually true, but without intent, it could not be sustained.

Conversely, the investigation also showed that Officer Wheeler had been drinking alcohol that night, which may have made him hesitant to report the accident. It was not substantial, but there was a significant "bump" to the parked car when it was struck that left a sizable dent in the bumper. The impact was significant enough that both residents inside the house heard it and went outside to investigate. It could be argued that Officer Wheeler only took responsibility for the accident when confronted with video evidence. His questionable history with reporting other accidents also seems to support that he intentionally fled the scene.

While there is irrefutable evidence that Officer Wheeler did fail to remain at the scene of a traffic collision which resulted in the response of an outside law enforcement agency, the investigation was not able to definitively prove or disprove that Officer Wheeler was aware of the accident at the time of the collision. Therefore, it is recommended that Allegation 2 be classified as NOT RESOLVED.

**ALLEGATION 3. The Department alleges that on August 6, 2020, Officer Wheeler, while on-duty, made misleading statements to Sergeant Berry, who was conducting an official investigation, when he failed to mention the 2019 Chino Hills collision where he left the scene without identifying himself.**

**Note:** This was originally listed as Allegation 2 on CF No. 20-000449

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 7
4.1

**ALLEGATION 3.** The Department alleges that on August 6, 2020, Officer Wheeler, while on-duty, made misleading statements to a Department supervisor during an official investigation when he failed to mention he was involved in a traffic collision in Chino Hills in 2019.

> Note: This was originally listed as Allegation 2 on CF No. 20-000449 and was rewritten for clarity.

**CLASSIFICATION**

It is recommended that Allegation 3 be classified as **SUSTAINED**.

**RATIONALE**

Officer Wheeler was interviewed on August 6, 2020, regarding the traffic collision with Brown outside of Central Station. During that interview, he was asked if he had been involved in any accidents in the past. Officer Wheeler recounted a few accidents he had been involved in on-duty. He also recalled an accident some time in 2019 where his vehicle mirror struck another vehicle. Officer Wheeler stated that he was unable to locate the vehicle that he struck. He went to CTD on the following day and filed a report. The investigator checked with both CTD and R&I and were unable to locate the report. While it is possible that the report was lost prior to being processed, it is not probable. While not definitive, this calls into question Officer Wheeler's credibility regarding his statements. In addition, this is a third example within the last two years where Officer Wheeler seemingly struck a vehicle or person and did not immediately exchange information with the other party. While each of the three accidents has their own unique, potentially mitigating circumstances, cumulatively, they present a pattern where Officer Wheeler becomes involved in a traffic collision and fails to immediately take the appropriate actions.

During the August 6, 2020, interview, Officer Wheeler failed to disclose the traffic collision he was involved in in Chino Hills on March 11, 2019. This was despite repeated questions from the investigator asking if he was sure there were no other traffic collisions that he was involved in. Officer Wheeler even went as far as stating, "I am trying to remember if there was anything out of the ordinary, it seems as if you know something I don't know being involved in anything else, I am trying to remember if there was anything else." Following this, Officer Wheeler's attorney asked Wheeler if he had been involved in any other accidents. Wheeler stated he has hit mirrors in the past while splitting lanes on his motorcycle, but has identified himself in those accidents. Despite repeated prompts, Officer Wheeler did not bring up the March 11, 2019, accident in Chino Hills where he was caught on surveillance video leaving the scene of the collision without identifying himself.

While there is some question as to whether Officer Wheeler was aware of the Chino Hills collision at the time of the accident, the fact that he became aware of the accident after the fact in not in dispute. Officer Wheeler had an extensive text message exchange with the owner of the

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 8
4.1

other vehicle and filed a report with his insurance. While the collision occurred 17 months prior to the interview, Officer Wheeler had no problem recalling other minor collisions that happened either around or prior to that time frame. The fact that Officer Wheeler initially left the scene of the collision without identifying himself, which was similar to the circumstances of the complaint that he was being interviewed for, was an incentive to conceal this information from the Department. The fact that Officer Wheeler admitted to consuming alcohol prior to the collision would also serve as a motivating factor to be less than forthcoming.

In a follow-up interview, Officer Wheeler stated that he did not remember the Chino Hills incident at the time of the prior interview, which is why he did not mention it. While the collision occurred 17 months prior to the interview, it stands to reason that Officer Wheeler would still recall the incident since he was confronted by his friend about not reporting it, the lengthy text exchange with the other party, and the follow up with his insurance. Especially since his initial failure to stop and identify himself was analogous to the incident that he was being interviewed on.

The fact that Officer Wheeler did not advise the investigator of the prior collision appears to be an intentional act to shield himself from the appearance of impropriety in both the Chino Hills collision and the current collision that was under investigation. Therefore, it is recommended that Allegation 3 be classified as SUSTAINED.

**DIGITAL IN-CAR VIDEO, BODY WORN VIDEO AND OTHER VIDEO OR AUDIO RECORDINGS**

The alleged misconduct occurred off-duty, so neither Digital In-Car Video nor BWV were a factor in the adjudication of this complaint.

City of Los Angeles - Exhibit No. 000246

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 9
4.1

## ADMINISTRATIVE INSIGHT – OFFICER WHEELER

**EMPLOYEE DEVELOPMENT PLAN**

Not applicable.

**PENALTY**

Failure to stop and render aid following a traffic collision and providing false and misleading statements during an official Department investigation are both very serious charges. Taken on their own, each of these would call into question Officer Wheeler's integrity and ability to carry out the oaths of his position as a police officer. Taken together, Officer Wheeler has demonstrated that he is unfit to remain a Los Angeles Police Officer. As such, the recommended penalty is **BOARD OF RIGHTS** with a recommendation for removal.

**WORK HISTORY ANALYSIS**

Officer Wheeler is a 20-year veteran of the Department. Officer Wheeler's Training Evaluation and Management System (TEAMS) report was reviewed to identify any pattern of conduct consistent with the allegations made in the complaint. Officer Wheeler's complaint history revealed the following:



Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 10
4.1

- 

### WORK PERMIT REVIEW

Not applicable.

### RELIEF FROM DUTY CONSIDERATIONS

Due to the recommended penalty of Board of Rights- Recommended Removal, Officer Wheeler will be relieved of duty pending final disposition of this complaint.

### ACTIONS TAKEN

None

Letter of Transmittal, CF No. 20-000449 and 20-001883
Page 11
4.1

Letter of transmittal completed and approved by:

*[signature]*

BRENT T. McGUYRE, Captain
Commanding Officer
Central Patrol Division

CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER

DOUGLAS, SLADE

v.

CITY OF LOS ANGELES, et al.

CV20-07439-FMO-PD

CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER

City of Los Angeles - Exhibit No. 000249