# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SLADE DOUGLAS, individually, | Case No. 2:20-cv-07439-MEMF-MAR |
| Plaintiff, | **JOINT STIPULATION RE: THE ENTRY OF JUDGMENT AND BRIEFING SCHEDULE [DKT. NO. 446]** |
| vs. | |
| CITY OF LOS ANGELES; OFFICER YABANA; OFFICER WHEELER; AND DOES 1 TO 10, | |
| Defendants. | |

The trial of this action began on December 15, 2025, in Courtroom 8B of the United States District Court, Central District of California, Honorable Maame Ewusi-Mensah Frimpong presiding. Plaintiff Slade Douglas was represented at trial by attorneys Peter L. Carr, IV, Na'Shaun L. Neal, and Lauren K. McRae. Defendant City of Los Angeles was represented at trial by Surekha A. Shepherd. Defendants Officer Jeremy Wheeler and Officer Jeffrey Yabana were represented at trial by Thomas C. Hurrell, Christina Gasparian and Kevin Rashidi.

A jury was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the case was submitted to the jury. The jury deliberated and thereafter returned a verdict as follows:

### First Amendment – Retaliation (Claim 3)

**Question 1**. Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants deprived Plaintiff of his First Amendment right?

Officer Yabana:    YES ____X____        NO _____

Officer Wheeler:   YES ____X____        NO _____

*If you answered "Yes" for one or both Officers, please proceed to Question 2. If you answered "No," for both Officers, please skip Question 2 and proceed to Question 3.*

///

///

///

**Question 2.** Did Plaintiff prove, by a preponderance of the evidence, that one

1

or both Defendants' First Amendment violation caused Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life?

Officer Yabana:    YES _____X_____        NO _____

Officer Wheeler:   YES _____X_____        NO _____

*Please proceed to Question No. 3.*

**Fourth Amendment – Unreasonable Seizure of Person (Claim 1)**

**Question 3.** Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants did not have probable cause to detain him under Welfare Institutions Code section 5150?

Officer Yabana:    YES _____X_____        NO _____

Officer Wheeler:   YES _____X_____        NO _____

*If you answered "Yes" for one or both Officers, please proceed to Question 4. If you answered "No," for both Officers, please skip Question 4 and proceed to Question 5.*

**Question 4.** Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants caused Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life by unreasonably seizing him?

Officer Yabana:    YES _____X_____        NO _____

Officer Wheeler:   YES _____X_____        NO _____

*Please proceed to Question No. 5.*

2

**Fourth Amendment – Excessive Force (Claim 2)**

**Question 5.**  Did Plaintiff prove, by a preponderance of the evidence, that Defendant Officer Wheeler subjected him to excessive force?

YES _____        NO \_\_\_\_\_X_____

*If you answered "Yes", please proceed to Question 6. If you answered "No", please skip Question 6 and proceed to Question 7.*

**Question 6.** Did Plaintiff prove, by a preponderance of the evidence, that Defendant Officer Wheeler caused Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life by subjecting him to excessive force?

YES _____        NO _____

*Please proceed to Question No. 7.*

**Fourteenth Amendment – Due Process Violation (Claim 4)**

**Question 7.**  Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants caused him to suffer a Due Process violation?

Officer Yabana:    YES _____        NO \_\_\_\_\_X_____
Officer Wheeler:   YES _____        NO \_\_\_\_\_X_____

///
///
///

*If you answered "Yes" for one or both Officers, please proceed to Question 8.*

3

*If you answered "No," for both Officers, please skip Question 8 and proceed to Question 9.*

**Question 8.** Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants caused Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life by violating his Due Process rights?

Officer Yabana:    YES _____        NO _____

Officer Wheeler:   YES _____        NO _____

*Please proceed to Question No. 9.*

*If you answered "Yes" as to Officer Wheeler in response to Questions 1, 3, 5, or 7, answer Question 9. If not, skip Question 9 and proceed to Question 10.*

**Section 1983 Claim Against Local Governing Body (Claim 6)**

**Question 9.** Did Plaintiff prove his Section 1983 claim against Defendant City of Los Angeles by a preponderance of the evidence?

YES _____        NO _____X_____

*Please proceed to Question No. 10.*

///

///

///

**ADA Violation (Claim 5)**

4

**Question 10**. Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants failed to provide a reasonable handcuffing accommodation?

Officer Yabana:   YES ____X____       NO _____

Officer Wheeler:   YES ____X____       NO _____

*Please proceed to Question No. 11.*

## Battery (Claim 10)

**Question 11**.  Did Plaintiff prove, by a preponderance of the evidence, that Defendant Officer Wheeler committed battery against him?

YES _____       NO _____X_____

*If you answered "Yes", please proceed to Question 12. If you answered "No", please skip Question 12 and proceed to Question 13.*

**Question 12**.  Did Plaintiff prove, by a preponderance of the evidence, that Defendant Officer Wheeler's battery against him was a substantial factor in causing Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life?

YES _____       NO _____

*Please proceed to Question No. 13.*

///

## Bane Act Violation (Claim 9)

**Question 13**.  Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants violated the Bane Act?

Officer Yabana:    YES _____          NO _____X_____

Officer Wheeler:   YES _____          NO _____X_____

*If you answered "Yes" for one or both Officers, please proceed to Question 14. If you answered "No," for both Officers, please skip Question 14 and proceed to Question 15.*

**Question 14**.  Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants' violation of the Bane Act was a substantial factor in causing Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life?

Officer Yabana:    YES _____          NO _____

Officer Wheeler:   YES _____          NO _____

*Please proceed to Question No. 15.*

### False Imprisonment (Claim 11)

**Question 15**.  Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants subjected him to false imprisonment?

Officer Yabana:    YES ____X_____          NO _____

Officer Wheeler:   YES ____X_____          NO _____

*If you answered "Yes" for one or both Officers, please proceed to Question*

16. If you answered "No," for both Officers, please skip Questions 16 and 17, and proceed to Question 18.

**Probable Cause to Detain Under Welfare & Institutions Code Section 5150**

**(Affirmative Defense 1 to Claim 11)**

**Question 16.** Did one or both Defendants prove, by a preponderance of the evidence, that they had probable cause to detain Plaintiff under Welfare Institutions Code section 5150?

Officer Yabana:    YES _____    NO \_\_\_\_\_X\_\_\_\_\_

Officer Wheeler:   YES _____    NO \_\_\_\_\_X\_\_\_\_\_

*If you answered "No" for one or both Officers, please proceed to Question 17. If you answered "Yes," for both Officers, please skip Question 17 and proceed to Question 18.*

**Question 17.** Did Plaintiff prove, by a preponderance of the evidence, that the false imprisonment was a substantial factor in causing him physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life?

YES \_\_\_\_X\_\_\_\_    NO _____

*Please proceed to Question No. 18.*

///

///

///

**Negligence as to Officer Yabana and Officer Wheeler (Claim 7)**

7

**Question 18**.  Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendants were negligent?

Officer Yabana:    YES ____X____        NO _____

Officer Wheeler:   YES ____X____        NO _____

*If you answered "Yes" for one or both Officers, please proceed to Question 19. If you answered "No," for both Officers, please skip Question 19 and proceed to Question 20.*

**Question 19**.  Did Plaintiff prove, by a preponderance of the evidence, that one or both Defendant Officers' negligence was a substantial factor in causing Plaintiff physical, mental, and/or emotional injury, harm, pain, suffering, and/or loss of enjoyment of life?

Officer Yabana:    YES ____X____        NO _____

Officer Wheeler:   YES ____X____        NO _____

### **Negligent Employment, Retention, and Supervision (Claim 8)**

**Question 20**.  Did Plaintiff prove, by a preponderance of the evidence, that the Defendant City of Los Angeles negligently employed, retained, and/or supervised Officer Jeremy Wheeler?

YES ____X____        NO _____

*If you answered "Yes" to Question 20, please proceed to Question 21. If you answered "No,", please skip Question 21 and proceed to Question 22.*

**Question 21**.  Did Plaintiff prove, by a preponderance of the evidence, that

8

the negligent employment, retention, and/or supervision was a substantial factor in causing Plaintiff injury, harm, pain, suffering, and/or loss of enjoyment of life?

YES _____X_____          NO _____

### Negligence Per Se (Claim 8)

**Question 22**.  Did Plaintiff prove by a preponderance of the evidence that the Defendant City of Los Angeles violated California Government Code § 1031(f)?

YES _____X_____          NO _____

*If you answered "Yes" to Question 22, please proceed to Question 23. If you answered "No," please proceed to the "Comparative Negligence" section below.*

**Question 23**.  Did Plaintiff prove, by a preponderance of the evidence, that the violation of California Government Code § 1031(f) was a substantial factor in causing Plaintiff injury, harm, pain, suffering, and/or loss of enjoyment of life?

YES _____X_____          NO _____

///

///

///

**Comparative Negligence (Affirmative Defense 2 to Claims 7 and 8)**

*If you answered "Yes" to Questions 19, 21, or 23, then proceed to Question 24. If not, proceed to the Damages section below.*

**Question 24.** Did Defendants, prove by preponderance of the evidence, that Plaintiff's own negligence contributed to his harm?

YES _____          NO \_\_\_\_\_X\_\_\_\_\_

*If you answered "Yes" to Question 24, then proceed to Question 25. If not, skip Question 25 and proceed to the Damages section below.*

**Question 25.** What percentage of responsibility do you assign to Plaintiff for his harm?

_____%

**DAMAGES**

*If you answered "Yes" to Question 2, 4, 6, 8, 9, 10, 12, 14, 17, 19, 21, **or** 23, above, please answer Question 26.*

**Question No. 26:** What are Plaintiff's damages?

    A.    Past Non-Economic Loss    $ 2,000,000

    (Physical pain/ mental and emotional suffering/ loss of liberty)

    B.    Past Economic Loss    $ 89,000

    (Medical expenses)

C.    Future Non-Economic Loss    $ 4,000,000

(Physical pain/ Mental and emotional suffering)

D.    Future Economic Loss    $ 527,000

(Medical expenses)

**Total Damages:**    $6,616,000

## PUNITIVE DAMAGES

*If you answered "Yes" to Questions 2, 4, 6, **or** 8 as to Officer Wheeler, please answer Question No. 27.*

**Question No. 27**:  Did Plaintiff prove, by a preponderance of the evidence, that Defendant Officer Wheeler's conduct was malicious, oppressive or done with a reckless disregard of the Plaintiff's rights?

YES ____X____        NO _____

*If you answered "Yes" to Questions 2, 4, **or** 8 as to Officer Yabana, please answer Question No. 28.*

**Question No. 28**:  Did Plaintiff prove, by a preponderance of the evidence, that Defendant Officer Yabana's conduct was malicious, oppressive or done with a reckless disregard of the Plaintiff's rights?

YES ____X____        NO _____

11

*If you answered "Yes" to Question 12 **or** 14 as to Officer Wheeler, **or** if you answered "Yes" to Question 17, please answer Question 29.*

**Question No. 29**:  Did Plaintiff prove, by clear and convincing evidence, that the Defendant Officer Wheeler engaged in conduct with malice, oppression, or fraud?

YES \_\_\_\_X\_\_\_\_\_          NO _____

*If you answered "Yes" to Question 14 as to Officer Yabana, **or** if you answered "Yes" to Question 17, please answer Question 30.*

**Question No. 30**:  Did Plaintiff prove, by clear and convincing evidence, that the Defendant Officer Yabana engaged in conduct with malice, oppression, or fraud?

YES \_\_\_\_X\_\_\_\_\_          NO _____

**<u>PUNITIVE DAMAGES (Phase II)</u>**

**Question 1.** What amount of punitive damages do you award against Officer Yabana?

$ \_58,000_____

**Question 2.** What amount of punitive damages do you award against Officer Wheeler?

$ \_115,000_____

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that final judgment in this action be entered as follows:

Total judgment in the sum of $6,789,000, plus costs, pursuant to Federal Rule of Civil Procedure 54(d)(1), interest calculated from the date of the entry of judgment, at the rate specified by 28 U.S.C. §1961, and reasonable statutory attorneys' fees and costs as may be awarded by the court, is entered against the Defendants City of Los Angeles, Jeremy Wheeler, and Jeffrey Yabana and in favor of Plaintiff Slade Douglas. Plaintiff Slade Douglas is the prevailing party and may apply to the court for an award of costs and reasonable statutory attorneys' fees as permitted by law.

**IT IS SO ORDERED.**

Dated: January 27, 2026

_____
Honorable Maame Ewusi-Mensah Frimpong
United States District Court

13